No. 22-11955-J

# JURISDICTIONAL QUESTION

(1) Please address whether this Court has jurisdiction to review the district court's May 5, 2022 order striking Appellant's motion to intervene. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1308 (11th Cir. 2004) (providing that under the anomalous rule, this Court has provisional jurisdiction to review: (1) the district court's denial of a motion to intervene as of right; and (2) if a nonparty seeks to intervene both as of right and by permission, the district court's denial of intervention as of right and denial of permissive intervention); *see also Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 & n.7 (5th Cir. 1977) (holding that the court had jurisdiction to review the denial of permissive intervention where the plaintiffs requested intervention based on right and permission).

(2) Please address whether the instant notice of appeal is timely to challenge the May 5, 2022 order, making sure to address whether the 30-day or 60-day appeal period applies in this instance. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A) (providing that a notice of appeal must be filed within 30 days after the entry of the order appealed from); Fed. R. App. P. 4(a)(1)(B) (providing that the appeal period is 60 days if one of the parties to an action is the United States, a federal agency, or a federal official or employee acting in her official capacity or sued individually for actions taken in connection with her duties as a United States employee); *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 21 (2017) (explaining that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement, and courts cannot entertain an appeal that is out of time); *see also* Fed. R. App. P. 4(a)(4)(A)(iv), (vi) (stating that the filing of a motion for reconsideration within 28 days of a judgment tolls the time period for filing a notice of appeal); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010) (holding that an untimely Rule 4(a)(4) motion does not toll the time to appeal); *Va. Land Co. v. Miami Shipbuilding Corp.*, 201 F.2d 506, 507 (5th Cir. 1953) (providing that the 60-day appeal period in Fed. R. App. P. 4(a)(1)(B) does not apply, even if the United States is a party to the lawsuit, if the issues on appeal do not concern the United States such that the United States is no longer "a party at interest in the appeal").